508 So.2d 666 (1987)
Donnie W. MOORE
v.
STATE of Mississippi
No. 56885.
Supreme Court of Mississippi.
June 3, 1987.
*667 David G. Hill, Hill & Lewis, Oxford, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and PRATHER and ANDERSON, JJ.
PRATHER, Justice, for the Court:
Donnie Moore was convicted as an habitual offender for manufacturing a controlled substance, to-wit: less than one kilogram but more than one ounce of marijuana, a Schedule I controlled substance as defined in Miss. Code Ann. § 41-29-113 (1972), as amended.
From that conviction, Moore appeals assigning as error the following:
(1) The trial court committed reversible error by allowing into evidence an oral inculpatory statement not previously disclosed to the defendant.
(2) The trial court erred in denying Donnie Moore a new trial based on the testimony of Raymond Wilson and Sarah Brown.
(3) The trial court erred in sentencing the defendant as an habitual criminal under Miss. Code Ann. § 99-19-81 (Supp. 1986).
We affirm.

I.
On September 26, 1983, Donnie Wayne Moore gave law enforcement officers his written consent to search the premises at 414 Fifth Street in Marks, Mississippi. Located on the property was a "shotgun" type house with an additional room attached to the top, back portion of the house. An external stairway led to the additional room.
The house was owned by Donnie Moore, who inherited it from his mother. However, the lower portion of the house was occupied by Essie Mae Joiner, a renter. During his mother's lifetime, Moore occupied the additional upstairs room, but it is disputed whether he was occupying the room the day of the search.
As the law enforcement officers were searching the upstairs room, one officer, peering through a window, discovered several marijuana plants growing in the backyard of the house. Donnie Moore was subsequently arrested and indicted as an habitual criminal for manufacturing a controlled substance, to-wit: less than one kilogram but more than one ounce of marijuana, a Schedule I controlled substance as defined in Miss. Code Ann. § 41-29-113 (1972), as amended.
Moore was convicted and sentenced to serve a term of twenty years without probation or parole in the custody of the Mississippi Department of Corrections. Additionally, he was fined $30,000. From that conviction and sentence, Moore perfects this appeal.

II.

Did the trial court commit reversible error by allowing into evidence an oral, inculpatory statement not previously disclosed to the defendant?
During the direct examination of Officer Lawrence Knighton, Knighton explained what took place after the marijuana was discovered. His testimony is as follows:
A. Well, Donnie Moore was behind me, just about a couple of feet behind me, when Investigator McCloud was taking pictures of the marijuana, and Donnie Moore made a statement, and the statement was 
BY DEFENSE COUNSEL:  (Interrupting)  May we approach the bench?
BY THE COURT: Yes, sir. (CONFERENCE AT THE BENCH BETWEEN THE COURT & ALL COUNSEL, OUT OF HEARING OF THE COURT REPORTER.)
BY THE COURT: The objection will be overruled.
Q. (By the D.A.) Officer Knighton, I think you have testified that Donnie Moore was several feet behind you 
A.  yes, sir 

*668 Q.  that Bubba McCloud, the investigator with the Highway Patrol, was taking photographs of what was behind the metal mesh, or that little fence out there in the back yard?
A. Right.
Q. That appeared to be marijuana. All right, go ahead and state what you observed or heard at that time.
A. Donnie Moore made a statement, and the statement was, "I don't know what to say when you can't grow a little homegrown."
This Court held in Franklin v. State, 460 So.2d 104, 106 (Miss. 1984) that oral statements made to police officers by defendants are discoverable under Rule 4.06. On appeal, Moore contends his statement repeated by Officer Knighton was discoverable under Rule 4.06 of the Uniform Criminal Rules of Circuit Court Practice and that the failure of the state to disclose the statement was reversible error. This Court agrees that Moore's oral statement was discoverable, but we find it was sufficiently innocuous to not rise to reversible proportions.

III.

Did the trial court err in denying appellant's motion for a new trial?
Appellant contends he should have been granted a new trial because of two newly discovered witnesses. A hearing on his motion for new trial was held May 15, 1985, eight months after Moore's conviction. The Court heard testimony from two witnesses  Raymond Wilson and Sarah Brown.
At the end of the testimony, the trial judge commented that the supporting documents of appellant's motion were defective. However, the judge further ruled on the merits of the case, holding that the newly discovered evidence did not meet the requirements for granting a new trial.
In Smith v. State, 492 So.2d 260, 263 (Miss. 1986) this Court recently readopted criteria to be considered for a new trial on the grounds of newly discovered evidence. The Court quoted Townsel v. State, 228 Miss. 110, 118-119, 87 So.2d 481, 484 (1956) saying,
To warrant the granting of a new trial on the ground of newly discovered evidence, it must appear that the evidence is such as will probably change the result if a new trial is granted, that it has been discovered since the trial, that it could not have been discovered before the trial by the exercise of due diligence, that it is not material to the issue, and that is not merely cumulative, or impeaching.
Townsel also recognized that the determination of whether new evidence would probably change the results of a new trial is committed to the sound discretion of the trial judge. 228 Miss. at 120, 87 So.2d at 485. Furthermore, the scope of inquiry of this Court is to determine whether the trial judge abused his discretion. Smith v. State, 492 So.2d at 263.
The thrust of Mr. Wilson's testimony was to prove Moore did not live in the house where the marijuana was found. The jury heard similar testimony at trial from Irene Jones and Sally Jones. The jury also heard testimony from Essie Mae Joiner that she had given prior statements that the marijuana was hers. Mrs. Joiner recanted her prior statements at trial claiming she had been pressured by Donnie Moore to make the statements.
This Court believes the testimony of Mr. Wilson would add little additional substance in a new trial. As for the new testimony of Mrs. Brown, the most that can be inferred is that she overheard Essie Mae Joiner admit committing perjury.
Perjured testimony does not in itself give rise to a new trial. The determination of whether a new trial should be granted must be made by the trial judge on a case by case basis, taking into account all the relevant facts and circumstances. Smith v. State, 492 So.2d at 264. In making the decision, the trial judge must first look to see whether the petitioner has sufficiently proved the underlying allegations of perjury. Id. at 263.
In the present case, the trial judge implicitly found the petitioner failed to sufficiently *669 prove perjury or that, even if perjury was proven, the result of a new trial would be different. This Court holds that the trial judge did not abuse his discretion.

IV.

Did the trial court err in sentencing the defendant as an habitual offender under Miss. Code Ann. § 99-19-81 (Supp. 1986)?
After his conviction, Moore was sentenced under Miss. Code Ann. § 99-19-81 (Supp. 1986) as an habitual offender. The previous felony convictions employed by the prosecution were one Mississippi conviction and two Iowa convictions. The Iowa convictions were a plea of guilty of robbery with aggravation and a plea of guilty to murder.
On appeal, Moore attacks the sufficiency of the two Iowa convictions claiming they do not show a knowing and voluntary waiver on their face of Moore's constitutional rights. The trial judge held, and this Court agrees, this case is controlled by Phillips v. State, 421 So.2d 476 (Miss. 1982). In Phillips, the prosecution sought to use a prior Kentucky conviction to enhance the defendant's punishment. The defendant objected to the use of the Kentucky conviction alleging that the conviction was invalid because he had not "knowingly and voluntarily" pled guilty. In response to Phillips' argument, this Court held that the trial judge is not required to go beyond the face of the prior convictions sought to be used in establishing a defendant's status as an habitual offender. "If, on its face, the conviction makes a proper showing that a defendant's prior plea of guilty was both knowing and voluntary, that conviction may be used for the enhancement of the defendant's punishment under the Mississippi habitual offender act." Phillips, 421 So.2d at 481.
Moore submits there is not a single word on the face of either of the Iowa convictions indicating he understood the nature and consequences of his guilty pleas. A portion of the Iowa convictions, identical except for the crime committed, reads as follows:
Defendant appears in person, is informed of his rights, ... and, with his attorney, states that he is informed against in his true name, waives formal arraignment, waives time to plead, and pleads that he is guilty of the crime of [crime to which Moore pled guilty] as charged in the information.
Judgment of guilty.
There upon, the defendant is informed by the Court of the nature of the crime to which he has pleaded guilty, his plea of guilty, and is asked whether he has anything to say why the sentence of this Court should not be pronounced against him. It appearing to the Court that no legal cause is shown or appears why the sentence of this Court should not be pronounced against the defendant.
This Court holds the prior guilty pleas sufficiently show on their face that Moore entered the pleas knowingly and voluntarily. Therefore, we find no error under this assignment.
Having found no reversible error the Court holds that the conviction and sentence of Donnie W. Moore should be and is hereby affirmed.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.