724 So.2d 427 (1998)
Bobby Wayne JONES, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00625 COA
Court of Appeals of Mississippi.
November 24, 1998.
*428 Michael T. Rushing, Yazoo City, Attorney for Appellant.
Office of the Attorney General By W. Glenn Watts, Jackson, for Appellee.
BEFORE THOMAS, P.J., DIAZ, AND SOUTHWICK, JJ.
SOUTHWICK, J., for the Court:
¶ 1. Bobby Wayne Jones was convicted by a Yazoo County jury of manufacturing marijuana. On appeal Jones argues that the principal evidence was obtained as the result of an illegal search, and that the verdict was based on insufficient evidence and was against the overwhelming weight of the evidence. We find no merit to these issues and affirm.

FACTS
¶ 2. On August 3, 1996, William Martin, a Yazoo County deputy sheriff who also served as fire marshal, was investigating the suspected arson of a vacant home located on property owned by Mrs. John Wigley. During the investigation, Deputy Huffman noticed a trail leading away from the home and into the woods. Further inspection revealed footprints, which appeared to have been recently made. Huffman and Martin followed the trail and observed several marijuana plants in the woods to the right of the path. They continued down the trail which led to the edge of Bobby Wayne Jones's backyard. The deputies then obtained a search warrant and Martin returned to Jones's residence with Sheriff E.O. Passons and Sammy Fisher of the Wildlife and Fisheries Department.
¶ 3. The officers presented the warrant to Jones and proceeded to search his home. Items connected with marijuana use and processing were found in the home, including scales, tweezers, several "roach clips," processed marijuana, and a coffee can containing marijuana seeds. Underneath the house, the officers found marijuana pipes, a tray, and more marijuana seeds. Two flowerpots containing twenty-one marijuana plants were discovered on the back porch. More than 184 marijuana plants were eventually found growing in the woods surrounding Jones's home.
¶ 4. Jones was charged with manufacturing marijuana. On April 7, 1997, he was found *429 guilty and given a fifteen year sentence with five years suspended, and a $1,000 fine.

DISCUSSION

I. Illegal search and seizure
¶ 5. On the day of trial, Jones filed a motion to suppress the physical evidence recovered by the officers, as well as any testimonial evidence resulting from the search. According to him, the search was illegal as the officers were trespassing when they discovered the marijuana. As a result, Jones claimed that the officers' observation of the marijuana could not serve as the basis for the issuance of the warrant. After an evidentiary hearing, the court denied the motion.
¶ 6. Jones now contests the trial judge's ruling on different grounds, alleging that the information relied upon to issue the search warrant was insufficient. There allegedly was nothing connecting him to the marijuana found along the path. Moreover, the judge's reliance upon an informant's tip was improper, as this information was "stale," having been given to the police two weeks earlier.
¶ 7. Raising different grounds on appeal than were asserted in the lower court calls on the later court to find error for something that the trial court was not even asked to consider. That is procedurally prohibited. Holland v. State, 587 So.2d 848, 868 (Miss.1991). Without setting aside the procedural bar, we also point out the lack of merit in Jones's new argument.
¶ 8. The right to be free from unreasonable searches and seizures is guaranteed by the Fourth Amendment of the United States Constitution as well as Article 3, Section 23 of the Mississippi Constitution. Gazaway v. State, 708 So.2d 1385, 1387 (Miss.App.1998). When a warrant supports the search, the reviewing court must insure that the issuing magistrate had a substantial basis for concluding that probable cause existed. Pipkins v. State, 592 So.2d 947, 949 (Miss.1991). Probable cause is a practical inquiry, a function of the totality of the circumstances in each particular case. Williams v. State, 583 So.2d 620, 622 (Miss. 1991). Objectivity is the key, for the information supporting probable cause must be such that would lead a reasonably competent issuing magistrate to believe that evidence will be found. The statements in the affidavit as well as any sworn oral testimony presented to the issuing magistrate will be considered. Id.
¶ 9. Jones's first contention is that the issuing magistrate did not have a basis to believe that the marijuana plants found growing along the path were connected to him. Officer Martin testified that the trail led from the burned house to Jones's residence. No one else lived in such close proximity to the trail. Although the property was owned by Mrs. Wigley, a woman in her seventies, the burned home was abandoned and there was no evidence that Wigley frequented the trails that led directly to Jones's home. This was a sufficient nexus between the observed marijuana and Jones.
¶ 10. Jones also argues that a tip relied upon by the judge in issuing the warrant was "stale," having been given to the police two weeks earlier. The tip was that someone had bought marijuana at the Jones house. The tip was confirmed by the officers' observation of the marijuana, which considerably "freshened" the staleness of the information. In one precedent, a search warrant had been issued based upon a tip that was more than two weeks old and on the police officer's personal observation of a marijuana sale the day the warrant was issued. Williams, 583 So.2d at 622. The defendant challenged the issuance of the warrant, complaining that the tip was "stale." Id. The supreme court held that the age of the tip was no longer a factor because of the later information. That confirming evidence created "a reasonable, objective basis" to find that probable cause existed to issue the search warrant. Id. at 622-23.
¶ 11. The trial court as the finder of fact made the specific finding that the officers had probable cause to search Jones's home based on the tip and the officers' personal observations. We agree.

*430 II. Directed verdict

¶ 12. At the close of the State's evidence, Jones moved for a directed verdict on the grounds that the State had failed to prove that the plants found growing on the land surrounding his home were in fact marijuana plants. Jones argued that the plants could have been hemp plants, which resemble marijuana but do not contain the intoxicating substance tetrahydrocannabinol. This motion was overruled by the trial judge. Jones then testified on his own behalf, but failed to renew his motion for a directed verdict at the close of his evidence. "When the defendant proceeds with his case after the state rests and the court overrules the defendant's motion for a directed verdict, the defendant has waived the appeal of that directed verdict." Holland v. State, 656 So.2d 1192, 1197 (Miss. 1995).
¶ 13. A motion for a directed verdict tests the legal sufficiency of the evidence. Johnson v. State, 642 So.2d 924, 927 (Miss. 1994). Though the procedural waiver of this issue exists, it is difficult to conclude that a criminal defendant conviction can properly be affirmed if there was no evidence to prove one or more elements of the offense. At least "plain error" would cause us to consider the allegation. We proceed to do so.
¶ 14. In reviewing a trial court's denial of a defendant's motion for a directed verdict, "all evidence, including that which does not support the State's case, must be considered in the light most favorable to the State as verdict winner." Morgan v. State, 703 So.2d 832, 835 (Miss.1997).
¶ 15. The State presented the testimony of three officers who stated that the plants were indeed marijuana. The sheriff testified that he was "positive" that the growing plants were marijuana, while his deputy testified as to his own familiarity with marijuana plants and identified the growing plants as marijuana. The wildlife and fisheries officer claimed to have identified marijuana "thousands of times." Although this officer was cross-examined as to his familiarity with the differences between hemp and marijuana, Jones presented no evidence that these plants were hemp rather than marijuana. He called no expert witness to testify that the two plants are easily confused. At most, Jones raised an issue of credibility for the jurors to consider. Whatever consideration the jurors gave the point did not ultimately assist Jones. There was sufficient evidence presented by the State to establish that the plants were marijuana.
¶ 16. There also was evidence that Jones was guilty of the crime of manufacturing marijuana, which includes the "packaging or repackaging of the substance...." Miss. Code Ann. § 41-29-105(q) (Rev.1994). Scales, marijuana seeds, and a plastic bag containing processed marijuana was found inside the residence. From this evidence alone, a jury could reasonably find that Jones was guilty of the crime of manufacture of marijuana.

III. Weight of the evidence
¶ 17. Finally, Jones alleges that the verdict is against the overwhelming weight of the evidence and that he therefore deserves a new trial. "In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper." Collier v. State, 711 So.2d 458, 461 (Miss.1998).
¶ 18. Three officers testified that 184 marijuana plants were growing in the woods surrounding Jones's home. Inside his home, marijuana seeds, scales, tweezers, and processed marijuana was found. Twenty-one marijuana plants were found growing on Jones's back porch which, according to the three officers, Jones admitted were his. Although the jury heard conflicting testimony from the three officers and Jones concerning Jones's manufacture of the marijuana, the jury resolved that conflict in favor of the *431 State. The jury is the sole judge of the weight and credibility of the witness. Miller v. State, 634 So.2d 127, 129 (Miss.1994). We find no error.
¶ 19. THE JUDGMENT OF THE YAZOO COUNTY CIRCUIT COURT OF CONVICTION OF MANUFACTURE OF MARIJUANA AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS SUSPENDED AND $1,000 FINE IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO YAZOO COUNTY.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, AND PAYNE, JJ., CONCUR.