810 So.2d 613 (2001)
William V. WILLIAMS, III, Appellant,
v.
Jennifer Marie Horner WILLIAMS (Now Hall), Appellee.
No. 2000-CA-01274-COA.
Court of Appeals of Mississippi.
December 11, 2001.
Rehearing Denied March 12, 2002.
Robert C. Latham, Natchez, Attorney for Appellant.
A. Holmes Sturgeon, III, Woodville, Attorney for Appellee.
Before SOUTHWICK, P.J., BRIDGES, and CHANDLER, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. William V. Williams, III, appeals the final order of the chancery court increasing his child support obligation from $302 per month to $660 per month. He argues that since there was no proof of a material change in circumstances, that no new support obligation should have been imposed. We find that the change was entered by consent and affirm.

*614 STATEMENT OF FACTS
¶ 2. William V. Williams, III and Jennifer Marie Horner Williams Hall were divorced in 1998. They had one child, Trevor Paul Lee Williams, born in 1994. Under the original divorce decree, Williams was to pay child support of $302 per month.
¶ 3. On September 24, 1999, Hall filed a complaint for modification. The complaint sought an increase in child support, contempt for failure to reimburse Hall within thirty days for certain expenses, and determination of which party would be liable for Trevor's college education. A one day hearing was held at which only Williams and Hall testified. Williams testified that he had in fact received a raise of approximately $800 per month. When asked whether he believed that expenses associated with raising the child had increased, Williams agreed that they likely had, although Hall had yet to supply him with an estimate of financial needs despite repeated requests to do so.
¶ 4. At the conclusion of Williams's testimony, the chancellor requested that both counsel accompany him into the jury room where an off-the-record discussion occurred. Once proceedings recommenced on the record Hall was called as a witness by her counsel. At that time, Hall's counsel stated the following:
Now, I want to let you know that at this juncture we have resolved the child support issue as we've already announced to the Court in private as well as the Court publicly in a moment for the figure of $660 per month.
So, the only thing that remains at issue at this point is anything you [Hall] may have that might help the Judge in making a decision about how the Judge may delineate and nail down how y'all are going to handle summer visitation. No objection or comment to this announcement was made by Williams.
¶ 5. In the chancellor's final order, he found that "since the date of said Order of Divorce there has been a change of circumstances in the income of William V. Williams" and that Williams' monthly child support obligation would be $660 per month. Certain other issues were addressed in that order that are not contested on appeal.

DISCUSSION
¶ 6. Williams argues that the chancellor erred in modifying child support because there was no proof of a material change in circumstances, and that written findings as to the reasonableness of applying the statutory child support award guidelines were needed because his income was greater than $50,000. Miss.Code Ann. § 43-19-101(4) (Rev.2000).
¶ 7. These arguments need not be addressed. We find that what is being appealed is an agreed modification to child support. As previously related, Hall's counsel announced after an off-record conference that the parties had reached agreement on the issue of child support modification. Williams's counsel indicated no disagreement with that announcement. Once the parties agreed to the new support amount, there was no need for Hall to demonstrate a material change in circumstances or for the chancellor to make any specific findings of fact.
¶ 8. Williams argues that this is not a fair characterization of what occurred. At the unrecorded conference the chancellor revealed his decision to increase child support. Therefore, Williams had no option except to concede the issue. We accept the accuracy of counsel's recollection of what occurred. Yet if the issue was to be preserved, there needed to be an objection *615 on the record to what counsel now argues was a premature ruling before sufficient evidence justifying a modification had been heard.
¶ 9. An appeals court can only consider what is in the record, including the evidence presented and the objections properly made. In re V.R., 725 So.2d 241, 245 (Miss.1998). Once the announcement by Hall's attorney occurred, Williams could have noted for the record that the chancellor had in the conference ruled that he was going to increase child support. It could have been clarified on the record whether the chancellor preempted any further presentation of evidence on the relevant considerations. At some stage during that explanation, counsel should have indicated that he objected to this ruling. Instead, the record contains no objection, and therefore nothing is presented to us for review.
¶ 10. Since the record indicates no objection to the setting of the new child support amount, there was no need for evidence of a material change in circumstances or for the chancellor to make findings regarding the propriety of applying the statutory guidelines. We find no error.
¶ 11. THE JUDGMENT OF THE ADAMS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR.