867 So.2d 1036 (2003)
Margarita A. ARGUELLES, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01039-COA.
Court of Appeals of Mississippi.
November 18, 2003.
Rehearing Denied March 16, 2004.
*1037 Edmund J. Phillips, attorney for appellant.
*1038 Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before McMILLIN, C.J., BRIDGES and THOMAS, JJ.
BRIDGES, J., for the Court.
¶ 1. Margarita A. Arguelles was convicted for possession of more than one kilogram of marijuana with intent to distribute on June 11, 2002, and sentenced to serve six years in the custody of the Mississippi Department of Corrections. From that conviction and sentence she appeals to this court. The issues are stated verbatim.

STATEMENT OF THE ISSUES
I. THE ABSENCE OF THE SIGNATURE OF THE FOREMAN OF THE GRAND JURY RENDERED THE INDICTMENT INVALID.
II. THE COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE ABOUT THE TWO PARCELS.
III. THE COURT ERRED IN DENYING APPELLANT'S MOTION FOR A DIRECTED VERDICT.
IV. AS TO APPELLANT THE VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
V. THE COURT ERRED IN DENYING APPELLANT'S CIRCUMSTANTIAL EVIDENCE INSTRUCTIONS AND IN GRANTING THE STATE'S INSTRUCTION ON BURDEN OF PROOF WITHOUT CIRCUMSTANTIAL EVIDENCE STANDARDS.
VI. THE COURT ERRED IN NOT GRANTING A NEW TRIAL ON THE GROUND OF NEWLY DISCOVERED EVIDENCE.

FACTS
¶ 2. A parcel being sent to the home of Sixto Jose Ramirez and Margarita A. Arguelles was intercepted by postal inspector Robert Kay in El Paso, TX, on August 20, 2001. The parcel was addressed to "Sixto Rodrigue, 536 Longview Street, Apt 2, Forest, Mississippi, 39074," Arguelles's address, and was sent by "Roberta Ramirez, 8513 Alameda, El Paso, Texas, 79907." The parcel aroused Kay's suspicions initially because of "the size of the box, the heavy taping around the box, [and] the way the names were written on the parcel." Then Kay separated the box from the others to run initial address checks on it which determined that there was "no good return address on the parcel." Later that night the postal inspectors went to the stated return address in El Paso to inquire about the sender, Roberto Ramirez, and discovered the address was "phony." On August 21, 2001, Kay contacted the post office in Forest, MS, and learned that there was a similar parcel already in Forest waiting to be delivered. It was addressed to "Sixto Rodriquez, 536 Longview Street, Apartment no. 2, Forest, Mississippi, 39074," sent by "Roberto Ramirez, 8513 Pinion, El Paso, Texas, 79907." Both parcels had the same addresses for the recipient, same street number for the sender but a different street name and there is a slight difference in the sender's first name and the recipient's last name.
¶ 3. Upon learning of the second parcel, Kay sealed the first in a numbered double pouch and express mailed it to Jackson, Mississippi. Then Kay retrieved the second parcel from the post office in Forest himself and brought it to Jackson. On August 27, 2001, postal officers requested the Hinds County Canine Handler, the deputy sheriff and the drug dog to inspect the parcel and the dog "alerted" to the parcels in question. Finally, on August 28, 2001, eight days from initial retention of the packages, they requested a search *1039 warrant for the parcel and it was granted. Upon opening the parcels the inspectors found approximately 8,500 grams of marijuana.
¶ 4. The Mississippi Bureau of Narcotics and Kay consulted with the Forest Police Department and with the Scott County Sheriff's Office and jointly decided to have a controlled delivery of the parcels by a postal inspector dressed up as a mailman while the team conducted surveillance of the residence the morning and night before delivery and during delivery. The parcels were outfitted with a device which let them track the parcels and notified the officers if the boxes had been opened.
¶ 5. Guy Robinson, the "mailman" who does not speak Spanish, testified that Arguelles parked on the street just after he arrived, greeted him as if she had been expecting a package and helped him with the door since he had to make two trips. Both Ramirez and Arguelles were home when he was delivering the package and Robinson specifically announced the parcel was for Sixto Rodriquez but neither Arguelles nor Ramirez refused delivery.
¶ 6. After the delivery of the packages, the surveillance team observed both Arguelles and Ramirez put one parcel each into the trunk of a car. It was the same car Ms. Arguelles had driven earlier and parked on the street and then later moved across the lawn to the back door of the apartment. Mr. Ramirez took the car into town alone and parked near the post office and left for a few minutes. When he drove away the police followed him which finally culminated in a high speed chase on a local highway. Upon stopping the car, they arrested Mr. Ramirez and discovered the same parcels delivered by the postal inspector in the trunk surrounded by air fresheners and laundry detergent. Neither box was ever opened.
¶ 7. In a search of the car the officers found a Western Union wire transfer for $150 from Ms. Arguelles to Mr. Ramirez in El Paso dated four days before the packages were intercepted by postal inspector Kay. Then several officers returned to the apartment and asked Ms. Arguelles, in Spanish, for consent to search her apartment which she granted. In the apartment they discovered packaging foam peanuts similar to the ones used to package the two parcels in question.
¶ 8. Both Arguelles and Ramirez were prosecuted as co-defendants for possession but, were represented by separate counsel. It is from her conviction that Arguelles appeals.

ANALYSIS
I. IS THE INDICTMENT VALID EVEN THOUGH THE FOREMAN FAILED TO SIGN?
¶ 9. The indictment of Arguelles did not contain the signature of any member of the grand jury as required in Mississippi Code Annotated section 99-7-9. Arguelles argues the validity of an indictment is derived from its indorsement by the grand jury. Keithler v. State, 10 Smedes & Marshall 192, 1 Mor. State Cases 403, 18 Miss. 192, 1848 WL 1977 (1848). However, the evolution of that requirement over the past one hundred and fifty years has made the requirement more procedural. Arguelles' objection to this indictment is raised for the first time on appeal and since this defect is procedural in nature it "must be raised by special demurrer to indictment or it is waived." Jones v. State, 356 So.2d 1182, 1183 (Miss.1978). The case of Fitzgerald v. State recently upheld that "technical and non-jurisdictional" issues regarding indictments are waived if not brought up in a motion to quash. Fitzgerald v. State, 754 So.2d 613, 617 ¶ 19 (Miss.Ct.App.2000).
*1040 ¶ 10. In reasoning that procedural, non-jurisdictional matters cannot be raised for the first time on appeal this Court finds this issue is waived.
II. SHOULD EVIDENCE OF THE TWO PARCELS HAVE BEEN SUPPRESSED?
¶ 11. Arguelles contends that the postal inspector's retention of the parcels for some length of time before requesting a search warrant was an unreasonable seizure of her property. The postal inspector's delay in delivering the second parcel already in Forest was eight days but the delay for the first parcel, en route from El Paso, would be less. The State supports the trial court's denial of the motion to suppress by defending the actions of the postal inspectors and offers that they had sufficient probable cause to retain both packages after the discovery of the first package in El Paso. Also, the State offers that the inspection by the drug dog on day seven was not the sole basis for probable cause in obtaining the search warrant.
¶ 12. This Court notes that at the trial level Arguelles attempted to suppress the admission of these packages into evidence on the basis of insufficient evidence to merit probable cause. The primary piece of evidence used by the State to reach probable cause was an affidavit by inspector Kay which Arguelles objected to on the ground that it contained hearsay. In agreement with the State's brief, this Court finds that the evidence presented to the magistrate in the affidavit along with proof of the drug dog's "alerting" to the package was sufficient probable cause to meet the totality of the circumstances test given in Jones v. State, 724 So.2d 427, 429(¶ 8) (Miss.Ct.App.1998). Under Jones, the magistrate must objectively have enough evidence for a reasonably competent magistrate to believe any hearsay evidence exists and can be found. The affidavit given to the magistrate by inspector Kay meets this standard.
¶ 13. However, in evaluating the issue appealed by Arguelles, the reasonableness of the detention of her personal property by the United States Postal Service depends on the facts and circumstances in each particular case. Arguelles cites to two United States Supreme Court cases, one where a ninety minute detention of luggage at the Miami Airport was found to be unreasonable and another in which a twenty-nine hour delay of mailed parcels before obtaining a search warrant was found to be reasonable under the circumstances. U.S. v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); U.S. v. Van Leeuwen, 397 U.S. 249, 90 S.Ct. 1029, 25 L.Ed.2d 282 (1970). The Van Leeuwen case did not establish a twenty-nine hour limit on postal detentions but determined that the delay was reasonable based on "the nature of the mailings, their suspicious character, the fact that there were two packages going to separate destinations." Id. at 253, 90 S.Ct. 1029.
¶ 14. The State did prove adequate probable cause existed for the issuance of the search warrant however, it did not offer any evidence as to the reasonableness of the delay in issuing the warrant; neither inspector Kay's affidavit given to the magistrate who issued the search warrant nor Kay's testimony gave an accounting of what happened from August 21, 2001, when he discovered and stopped delivery of the second package and had the first sent to Jackson, to August 27, 2001, when he contacted the Hinds County canine handler.
¶ 15. The detention of the second package for eight days without a search warrant would probably violate the reasonableness test for detention of mailed *1041 parcels as set out in Van Leeuwen. However, this is not sufficient grounds for reversal for two separate reasons. One is the common procedural bar that since this issue was not objected to at the trial level it is not reviewable on appeal. Williams v. Williams, 810 So.2d 613, 615 (¶ 9) (Miss.Ct.App.2001). The second reason is that if Arguelles was convicted for possession only of the marijuana found in the first package and not convicted of the cumulative weight of both packages she would be required to serve a sentence of four to sixteen years. The sentence she received of six years is within the statutory limit.
¶ 16. Therefore since the issue preserved for appeal was the sufficiency of probable cause and not the unreasonable detention of the packages and since Arguelles' sentence was within the statutory limits regardless of whether she was convicted for possession of one or both of the packages the ruling of the trial court should be affirmed.
III. SHOULD APPELLANT HAVE BEEN GRANTED A DIRECTED VERDICT?
IV. WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 17. Arguelles challenges both the trial court's denial of her request for a directed verdict and its denial of her motion for a new trial. The State argues that it sufficiently met its burden of proof in order to prevail on these motions.
¶ 18. The standard of review for directed verdicts is well established in Mississippi. The court "considers the evidence in the light most favorable to the appellee, giving that party the benefit of all favorable inferences that may be reasonably drawn from the evidence." Steele v. Inn of Vicksburg, Inc., 697 So.2d 373, 376 (Miss.1997) (quoting Sperry-New Holland v. Prestage, 617 So.2d 248, 252 (Miss. 1993)).
¶ 19. In the State's case in chief it introduced evidence that Arguelles expected the package, loaded the package into the trunk of the car and that her home contained similar packing material to that in the parcels. This was sufficient evidence upon which a jury could base its verdict. The trial judge accurately concluded the State had met its burden and the motion for directed verdict was properly denied at the trial level.
¶ 20. Reversal of the trial court's denial of her motion for a new trial will only be granted if the denial amounts to an abuse of the court's discretion. Steele, 697 So.2d at 376 (collecting authorities). A new trial will not be granted unless the verdict is contrary to the overwhelming weight of the evidence and allowing it to stand would cause an unconscionable injustice. Whitten v. Cox, 799 So.2d 1, 13(¶ 26) (Miss.2000) (collecting authorities).
¶ 21. The State had the burden of proving Arguelles possessed illegal narcotics. Under this test for constructive possession the State must prove that the drugs in the parcels were subject to Arguelles's "dominion or control." Campbell v. State, 566 So.2d 475, 477 (Miss.1990). Evidence was introduced by the State regarding Arguelles' handling and receiving of the parcels and this was sufficient evidence to meet its burden of proving constructive possession. The State met its burden of proof and there was no abuse of discretion in the trial judge's denial of a new trial.
V. SHOULD APPELLANT HAVE BEEN ALLOWED A CIRCUMSTANTIAL EVIDENCE INSTRUCTIONS?
¶ 22. Arguelles asserts that attempting to prove constructive possession *1042 of the marijuana by her requires a circumstantial evidence instruction since "proof of constructive possession is by its very nature circumstantial." Burnham v. State, 467 So.2d 946, 947 (Miss.1985) (citing Henderson v. State, 453 So.2d 708 (Miss. 1984)). The State offers that a circumstantial evidence instruction is not required unless the evidence offered on an issue is "wholly circumstantial" Starks v. State, 798 So.2d 562, 565(¶ 10) (Miss.Ct. App.2001) (quoting Keys v. State, 478 So.2d 266, 267 (Miss.1985)). In Sullivan v. State, the court found that "the existence of any direct evidence eliminates the need for a circumstantial evidence instruction." Sullivan v. State, 749 So.2d 983, 992 (¶ 21) (Miss.1999).
¶ 23. Evidence that Ms. Arguelles received the parcels and loaded one parcel in the trunk of a car she had been previously driving is sufficient direct evidence to eliminate the need for a circumstantial evidence instruction; therefore, the trial judge acted within his discretion in refusing the jury instruction.
VI. SHOULD A NEW TRIAL HAVE BEEN GRANTED WITH NEWLY DISCOVERED EVIDENCE.
¶ 24. After the verdict was issued in this case, Ramirez offered evidence to the court that she was completely innocent of the charges and never had any knowledge of the drugs in the parcels. Arguelles did not cross examine Ramirez, her co-defendant represented by separate counsel. Ramirez testified and was questioned on direct by his own attorney and then was cross examined by the State. It is Arguelles' position that if she also had the opportunity to cross examine her co-defendant the additional evidence of her ignorance and non-involvement with the parcels would have come to light. The trial court denied Arguelles' motion for a new trial on the discovery of new evidence.
¶ 25. The State asserts that the trial judge did not abuse his discretion regarding the granting of a new trial on this basis. The record does not reflect that Arguelles' attorney asked to cross examine Ramirez and Arguelles does not claim she was denied this right during the course of the trial. The judge's questioning of Ramirez after the verdict on this issue revealed there was no substantial bar to the discoverability of this evidence prior to the verdict other than that Ramirez did not want to admit his own guilt.
¶ 26. Under Moore, a new trial is available if the appellant is able to prove the new evidence could not have been discovered with due diligence and the newly discovered evidence would probably change the results. Moore v. State, 508 So.2d 666, 668 (Miss.1987). This Court should rule on whether the trial judge abused his discretion in not granting the new trial on the basis of this new evidence. Id. Arguelles has not shown that all due diligence was used in attempting to obtain the evidence before trial. Had she requested to cross examine Ramirez, in addition to the State's cross examination and been denied that opportunity, then possibly she could assert that she used all due diligence. For this reason the trial court's denial of a new trial on the grounds of newly discovered evidence is affirmed.
¶ 27. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF MORE THAN ONE KILOGRAM OF MARIJUANA WITH INTENT TO DISTRIBUTE AND SENTENCE TO SIX YEARS IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
*1043 KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. McMILLIN, C.J., CONCURS IN RESULT ONLY.