BRIDGES, P.J.,
for the Court.
¶ 1. Sixto Jose Ramirez was convicted of possession of more than one kilogram of marijuana with intent to distribute on June 11, 2002, and sentenced to serve twenty-two years in the custody of the Mississippi Department of Corrections. From that conviction and sentence he appeals to this Court. Ramirez was tried with a co-defendant, Margarita A. Arguelles, and. both were convicted. Arguelles has previously appealed her conviction to this court in the case styled, Arguelles v. State, 867 So.2d 1036 (Miss.Ct.App.2003).
STATEMENT OF THE ISSUE
1. THE COURT ERRED IN DENYING APPELLANT’S MOTION TO SUPPRESS THE EVIDENCE ABOUT THE TWO PARCELS.
FACTS
¶ 2. A parcel being sent to the home of Sixto Jose Ramirez and Margarita A. Arg-uelles was intercepted by postal inspector Robert Kay in El Paso, Texas, on August 20, 2001. The parcel was addressed to “Sixto Rodrigue, 536 Longview Street, Apt 2, Forest, Mississippi, 39074,” Arguelles’s address, and was sent by “Roberto Ramirez, 8513 Alameda, El Paso, Texas, 79907.” The parcel aroused Kay’s suspicions initially because of “the size of the box, the heavy taping around the box, [and] the way the names were written on the parcel.” Kay separated the box from the others to run initial address checks on it which determined that there was “no good return address on the parcel.” Later that night the postal inspectors went to the stated return address in El Paso to inquire about the sender, Roberto Ramirez, and discovered the address was “phony.” On August 21, 2001, Kay contacted the post office in Forest, Mississippi, and learned that there was a similar parcel already in Forest waiting to be delivered. It was addressed to “Sixto Rodriquez, 536 Long-view Street, Apartment no. 2, Forest, Mississippi, 39074,” sent by “Roberto Ramirez, 8513 Pinion, El Paso, Texas, 79907.” Both parcels had the same addresses for the recipient, same street number for the sender but a different street name and there is a slight difference in the recipient’s last name.
¶ 3. Upon learning of the second parcel, Kay sealed the first in a numbered double pouch and express mailed it to Jackson, Mississippi. Kay retrieved the second parcel from the post office in Forest him *140 self and brought it to Jackson. On August 27, 2001, postal officers requested the Hinds County canine handler, the deputy sheriff and the drug dog to inspect the parcel and the dog “alerted” to the parcels in question. Finally, on August 28, 2001, eight days from initial retention of the packages, they requested a search warrant for the parcel and it was granted. Upon opening the parcels the inspectors found approximately 8,500 grams of marijuana.
¶ 4. The Mississippi Bureau of Narcotics and Kay consulted with the Forest Police Department and with the Scott County Sheriffs Office and jointly decided to have a controlled delivery of the parcels by a postal inspector dressed up as a mailman while the team conducted surveillance of the residence the morning and night before delivery and during delivery. The parcels were outfitted with a device which let them track the parcels and notified the officers if the boxes had been opened.
¶ 5. Guy Robinson, the “mailman” who does not speak Spanish, testified that Arg-uelles parked on the street just after he arrived, greeted him as if she had been expecting a package and helped him with the door since he had to make two trips. Both Ramirez and Arguelles were home when he was delivering the package and Robinson specifically announced the parcel was for Sixto Rodriquez but neither Arg-uelles nor Ramirez refused delivery.
¶ 6. After the delivery of the packages, the surveillance team observed both Arg-uelles and Ramirez put one parcel each into the trunk of a car. It was the same car Arguelles had driven earlier and parked on the street and then later moved across the lawn to the back door of the apartment. Ramirez took the car into town alone and parked near the post office and left for a few minutes. When he drove away the police followed him which finally culminated in a high speed chase on a local highway. Upon stopping the car, they arrested Ramirez and discovered the same parcels delivered by the postal inspector in the trunk surrounded by air fresheners and laundry detergent. Neither box was ever opened.
¶ 7. In a search of the car the officers found a Western Union wire transfer for $150 from Arguelles to Ramirez in El Paso dated four days before the packages were intercepted by postal inspector Kay. Then several officers returned to the apartment and asked Arguelles, in Spanish, for consent to search her apartment which she granted. In the apartment they discovered packaging foam peanuts similar to the ones used to package the two parcels in question. Both Arguelles and Ramirez were prosecuted as co-defendants for possession but, were represented by separate counsel.
ANALYSIS
¶ 8. The issue raised, facts and evidence given by Ramirez are identical to the Arg-uelles case. Finding no significant changes in the case law, this Court adopts its decision in the Arguelles case. A modification of that opinion is below.
I. SHOULD EVIDENCE OF THE TWO PARCELS HAVE BEEN SUPPRESSED?
¶ 9. Ramirez contends that the postal inspector’s retention of the parcels for some length of time before requesting a search warrant was an unreasonable seizure of his property. The postal inspector’s delay in delivering the second parcel already in Forest was eight days, but the delay for the first parcel, en route from El Paso, would be less. The State supports the trial court’s denial of the motion to suppress by defending the actions of the postal inspectors and offers that they had sufficient probable cause to retain both packages after the discovery of the first *141 package in El Paso. Also, the State offers that the inspection by the drug dog on day seven was not the sole basis for probable cause in obtaining the search warrant.
¶ 10. This Court notes that at the trial level Ramirez attempted to suppress the admission of these packages into evidence on the basis of insufficient evidence to merit probable cause. The primary piece of evidence used by the State to reach probable cause was an affidavit by inspector Kay which Ramirez objected to on the ground that it contained hearsay. In agreement with the State, this Court finds that the evidence presented to the magistrate in the affidavit along with proof of the drug dog’s “alerting” to the package was sufficient probable cause to meet the totality of the circumstances test given in Jones v. State, 724 So.2d 427, 429(¶ 8) (Miss.Ct.App.1998). Under Jones, the magistrate must objectively have enough evidence for a reasonably competent magistrate to believe any hearsay evidence exists and can be found. The affidavit given to the magistrate by inspector Kay meets this standard.
¶ 11. However, in evaluating the issue appealed by Ramirez, the reasonableness of the detention of his personal property by the United States Postal Service depends on the facts and circumstances in each particular ease. Ramirez cites to two United States Supreme Court cases, one where a ninety-minute detention of luggage at the Miami Airport was found to be unreasonable and another in which a twenty-nine hour delay of mailed parcels before obtaining a search warrant were found to be reasonable under the circumstances. U.S. v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); U.S. v. Van Leeuwen, 397 U.S. 249, 90 S.Ct. 1029, 25 L.Ed.2d 282 (1970). The Van Leeuwen case did not establish a twenty-nine hour limit on postal detentions but determined that the delay was reasonable based on “the nature of the mailings, their suspicious character, and the fact that there were two packages going to separate destinations .... ” Id. at 253, 90 S.Ct. 1029.
¶ 12. The State did prove adequate probable cause existed for the issuance of the search warrant; however, it did not offer any evidence as to the reasonableness of the delay in issuing the warrant. Neither inspector Kay’s affidavit given to the magistrate who issued the search warrant nor Kay’s testimony gave an accounting of what happened from August 21, 2001, when he discovered and stopped delivery of the second package and had the first sent to Jackson, to August 27, 2001, when he contacted the Hinds County canine handler.
¶ 13. The detention of the second package for eight days without a search warrant might probably violate the reasonableness test for detention of mailed parcels as set out in Van Leeuwen. However, this is not sufficient grounds for reversal for two separate reasons. One is the common procedural bar that since this issue was not objected to at the trial level it is not reviewable on appeal. Williams v. Williams, 810 So.2d 613, 615(¶ 9) (Miss.Ct. App.2001). The second reason is that even if Ramirez was convicted of possession only of the marijuana found in the first package detained in El Paso, 4.5937 kilograms, and not convicted of the cumulative weight of both packages, he would still be required to serve a sentence of six to twenty-four years. Miss.Code Ann. § 41-29-139(c)(2)(F) (Rev.2001). The sentence he received of twenty-two years is within the statutory limit. The decision of the trial court is affirmed.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY OF CONVICTION OF POSSESSION OF MORE THAN *142 ONE KILOGRAM OF MARIJUANA WITH INTENT TO DISTRIBUTE AND SENTENCE OF TWENTY-TWO YEARS IN THE CUSTODY OF MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
KING, C.J., LEE, P.J., MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. ISHEE, J., NOT PARTICIPATING.