ISHEE, J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. The parties to this appeal were granted a divorce by the Chancery Court of Adams County on May 15, 1998. At the time of the divorce, both parties resided in Adams County, Mississippi. One child, Trevor Paul Lee Williams, was born of the marriage. Trevor was almost four years old at the time of the divorce. In the judgment of divorce, the chancery court awarded the parties joint legal custody of the minor child with the wife awarded primary physical custody. The father was granted standard visitation. The chancery court awarded child support in the amount of $302 per month to commence on April 1, 1998. In addition, the chancery court ordered the father to provide medical, dental; and hospitalization insurance. Each party would be responsible for one-half of the medical expenses not covered by the insurance.
¶ 2. On September 24, 1999, Jennifer Marie Horner Williams (Hall) filed a complaint for modification of the judgment and for citation of contempt. In support of her request for modification, Hall stated that: her son was attending private school; that his financial needs had increased since he entered school; and her ex-husband had obtained a higher paying job. A final order was entered on July 6, 2000, increasing the child support to $660 per month, which was 14% of William V. Williams Ill’s (Williams) adjusted monthly income. Additionally, because Hall and Trevor had moved to Hattiesburg, the chancery court ordered summer visitation to alternate between the parents every two weeks. Williams appealed the order, citing that Hall had failed to provide proof of a material change in circumstances. This Court upheld the ruling of the chancellor in full. Williams v. Williams, 810 So.2d 613 (Miss.Ct.App.2001).
¶ 3. On November 13, 2007, Hall filed this complaint for modification of judgment and citation of contempt. Since the last decree in 2000, Hall had moved to Forrest County, Mississippi, and Williams is now a resident of Rankin County, Mississippi. Hall alleged that modification was warranted based on Trevor having reached a *1279 more advanced age and having “significantly higher expenses.”
¶ 4. The hearing on the modification request and counter-complaint was held on April 6, 2009. Testimony was provided by both Williams and Hall.
¶ 5. Williams testified that since the last hearing, he has been married twice. He and his second wife had one child, Justin, who was eight years of age at the time of the hearing. In addition, his second wife also had a daughter, Danielle, who resided with them. His second wife unfortunately passed away in 2003. Danielle is now in college and is not dependent on him for support. Williams remarried in 2005, and he and his current wife live in Brandon, Mississippi. Justin is in their care and custody. His third wife also has two daughters, Savanna and Bailee, who reside with the couple. Although he has not formally adopted his step-daughters, Williams and his wife share the expenses of Savanna and Bailee. He estimates the monthly cost of raising each child is between $800 and $900.
¶ 6. Williams is employed as the CFO for a group of thirteen hospitals, and he is currently based out of the Jackson, Mississippi area. Williams supplied the chancery court with an updated 8.05 financial statement, which the court examined. The chancellor noted that Williams, under no court obligation to do so, has started a college fund for Trevor. At the time of this hearing, Trevor was fourteen years old. Additionally, Williams maintains multiple life insurance policies, with Trevor as a beneficiary.
¶ 7. In addition to paying child support, Williams testified that when he is approached to help with something for his son, he is always willing to contribute or help. Williams also has since purchased Trevor a new automobile. He has agreed to take care of any repairs and to maintain car insurance for Trevor. Williams also provides medical and dental insurance for his son.
¶ 8. At the time of the hearing, Hall testified that she and her new husband were residents of Hattiesburg, Mississippi. The chancellor found that the record was unclear as to whether Hall was employed, but she testified that she and her husband own two businesses and that business is slow for each one. The chancery court also noted that, although Hall referenced it during her testimony, the record was devoid of an updated 8.05 financial statement from her. Because there was no 8.05 financial statement filed or submitted into evidence, the chancellor had no evidence, other than Hall’s own testimony, of her current income or of Trevor’s expenses. Based on Hall’s testimony, the chancery court calculated that Trevor’s monthly expenses ranged from approximately $900 to $1,500.
¶ 9. After hearing testimony from both parties, the chancellor found that modification of child support was warranted due to Trevor’s advancement in age and his involvement in additional activities. The chancellor also deducted $800 for each of Williams’s step-daughters. After these deductions, the chancellor arrived at an adjusted gross income of $10,581, and he determined that, under Mississippi Code Annotated section 48-19-101 (Rev.2009) guidelines, Trevor’s child support would be approximately $1,500 a month or 14%.
¶ 10. However, because Williams’s annual adjusted gross income exceeded $50,000, the chancellor, under section 43-10-101(4), was required to make a written finding as to whether or not the application of the guidelines would be reasonable.
¶ 11. The chancellor concluded that, in light of all of the evidence presented, applying the statutory percentage of 14% to Williams would be unreasonable. However, the chancellor ordered that the visita *1280 tion should be amended to include that the parties find a mutual venue located between the parties’ respective residences to meet to exchange Trevor. Aggrieved by the chancellor’s decision not to increase child support, Hall now appeals.
STANDARD OF REVIEW
¶ 12. The appellate courts employ a limited standard of review when reviewing a chancellor’s decision. Miss. Dep’t of Human Servs. v. Marshall, 859 So.2d 387, 389 (¶ 3) (Miss.2003). “We will not disturb a chancellor’s findings unless the court was manifestly wrong, abused its discretion or applied an erroneous legal standard.” Id. (citing Sandlin v. Sandlin, 699 So.2d 1198, 1203 (Miss.1997)).
DISCUSSION

I. Support of Non-Adopted Step-Children

¶ 13. In her first allegation of error, Hall contends the chancellor erred in deducting $1,600 per month from Williams’s income for support of his two step-children, while only allowing $660 per month for the suppprt of Trevor, his natural son. Without this deduction, she contends that Trevor’s support would be greater. We disagree.
¶ 14. With or without the deduction, Williams’s income is still greater than $50,000. Therefore, the chancellor would still have been required under section 43-19-101(4) to make a written finding as to whether or not the suggested statutory percentage was reasonable. The facts illustrate that 14% of Williams monthly adjusted gross income is greater than Trevor’s total monthly needs and expenses whether or not the deduction for the step-daughters is applied. Thus, with or without the deduction, Williams would be paying all of Trevor’s expenses if the guidelines were applied-an outcome the chancellor found to be unreasonable. Because this deduction was not a determining factor in the decision, any error on the part of the chancellor was harmless. Accordingly, this issue does not merit reversal.

II. Childr-Support Guidelines and Written Findings

¶ 15. In her second and third allegations of error, Hall contends that the chancellor erred in determining the application of the statutory guidelines to be unreasonable, and the chancellor failed to make a “written finding” as to the unreasonableness. We disagree.
¶ 16. Awards of child support in Mississippi are subject to the child-support guidelines set forth in section 43-19-101. According to the statute, a parent who is ordered to pay child support is required to surrender 14% of his or her adjusted gross income when there is one child to be supported. Miss.Code Ann. § 43-19-101(1). These guidelines apply unless the chancery court “makes a written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate.” Id. at § 43-19-101(2). “In cases in which the adjusted gross income as defined in this section is more than fifty thousand dollars ($50,000.00) ... the court shall make a written finding in the record as to whether or not the application of the guidelines established in this section is reasonable.” Miss.Code Ann. § 43-19-101(4).
¶ 17. In his final judgment, the chancellor determined that Williams’s adjusted gross income was greater than $50,000. Accordingly, the chancellor went into a detailed discussion as to whether or not the application of the guidelines would be unreasonable. The chancellor noted that the custodial parent, Hall, carries a great burden when raising the child, especially regarding unexpected expenses. However, the chancellor went on to discuss the *1281 reasons for determining the unreasonableness of the guidelines, finding: (1) Williams’s current child support is a little more than one-half of the suggested amount; (2) Williams makes other contributions when asked to do so; (3) Williams pays for Trevor’s health and dental insurance; (4) Williams set up a college fund for Trevor without being asked to do so; and (5) Williams purchased Trevor a vehicle and has promised to keep it maintained and insured.
¶ 18. Looking at the chancellor’s on-the-record written considerations, this Court cannot say that the chancellor abused his discretion in deviating from the guidelines, nor can we say the chancellor failed to make any written findings. Accordingly, these final two allegations of error are without merit.
¶ 19. THE JUDGMENT OF THE CHANCERY COURT OF ADAMS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.