# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-KA-00311-COA

**LAMPTON L. ROBINSON A/K/A LAMPTON ROBINSON**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                        **APPELLEE**

DATE OF JUDGMENT:            02/16/2018
TRIAL JUDGE:                 HON. FORREST A. JOHNSON JR.
COURT FROM WHICH APPEALED:   AMITE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      WALTER FRED BEESLEY
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: KAYLYN HAVRILLA MCCLINTON
DISTRICT ATTORNEY:           RONNIE LEE HARPER
NATURE OF THE CASE:          CRIMINAL - FELONY
DISPOSITION:                 AFFIRMED - 06/25/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., GREENLEE AND McCARTY, JJ.

### McCARTY, J., FOR THE COURT:

¶1.     Lampton Robinson was convicted of possession of a weapon by a felon and sentenced to serve three years in the custody of the Mississippi Department of Corrections. On appeal, Robinson argues that the trial court erred in denying his circumstantial-evidence jury instruction. We find no error and affirm.

## FACTS

¶2.     Early one morning, Sasha Robinson, Lampton's sister, attempted to enter the home where her brother and their cousin had been living. Sasha and her boyfriend, Kevin White, were living in a camper next to Lampton's house. The door was locked, so Sasha

approached her cousin's window. Sasha testified that Lampton opened the door and was holding a small, black gun. Sasha asked for the gun, but Lampton continued to wave the gun around before firing it once in the air.

¶3. Hearing the shot, Kevin exited the camper. Lampton then fired three or four shots toward him. Kevin retrieved his shotgun from the camper, loaded it, and fired back at Lampton four or five times. Both Sasha and Kevin testified that because of ample lighting in the area, they could clearly see Lampton holding a gun. Kevin later turned his shotgun over to law enforcement, but the gun Lampton used was never recovered.

¶4. Investigator Danny Meaux of the Amite County Sheriff's Department testified that he found four shells from a .380 caliber gun in the area where Lampton had been standing when he fired the gun at Kevin. Investigator Meaux also found shotgun shells in a fire pit nearby.

¶5. Jonathan Charleston, Lampton and Sasha's cousin, testified for Lampton. Jonathan was living with Lampton at the time. He testified that he was awoken by the first shot. When he went outside, Jonathan saw Lampton running away while Kevin was shooting at him. Jonathan said that he did not see Lampton with a gun, nor had he ever seen Lampton with a gun in the three years they had lived together. Jonathan further stated that Sasha told him to collect the shotgun shells and place them in the fire pit.

¶6. Lampton testified in his own defense. He stated that he did not own a gun and did not have one in his possession that night. Lampton testified that he and Kevin were yelling at each other when Kevin grabbed his shotgun and began firing. At that point, Lampton ran

away.  He was shot twice in the back.

## DISCUSSION

¶7.    In his only issue on appeal, Lampton argues that the trial court erred in refusing to grant a circumstantial-evidence jury instruction, D-11.  We first note that the State asserts this issue is procedurally barred because Lampton failed to object to the trial court's decision to refuse the instruction.  However, the Mississippi Supreme Court has stated that "there is a long line of cases which affirm the tenet that the refusal of instructions offered by the defendant need not be objected to in order to preserve the issue for appeal." *Green v. State*, 884 So. 2d 733, 736 (¶10) (Miss. 2004).

¶8.    We review a trial court's giving or refusal of jury instructions under an abuse-of-discretion standard.  *McInnis v. State*, 61 So. 3d 872, 875 (¶10) (Miss. 2011).  A defendant has the right to jury instructions that present his theory of the case, but an instruction may be refused if it "incorrectly states the law, is covered fairly elsewhere in the instructions[,] or is without foundation in the evidence."  *Davis v. State*, 18 So. 3d 842, 847 (¶15) (Miss. 2009).

¶9.    A circumstantial-evidence instruction should not be given unless the State's case rests completely upon circumstantial evidence.  *Arguelles v. State*, 867 So. 2d 1036, 1042 (¶22) (Miss. Ct. App. 2003).  "The existence of any direct evidence eliminates the need for a circumstantial[-]evidence instruction."  *Sullivan v. State*, 749 So. 2d 983, 992 (¶21) (Miss. 1999).  Both Sasha and Kevin testified that they saw Lampton holding a gun.  This eyewitness testimony is direct evidence.  *See Grayer v. State*, 120 So. 3d 964, 968 (¶11)

(Miss. 2013) (Direct evidence includes an eyewitness to the offense.). Furthermore, spent shell casings from a .380 caliber weapon were found at the scene.

¶10. Since there was direct evidence of Lampton holding a gun, a circumstantial-evidence instruction was not required. Accordingly, we affirm Lampton's conviction and sentence.

¶11. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, AND C. WILSON, JJ., CONCUR.**