# IN THE SUPREME COURT OF THE STATE OF MISSISSIPPI

## NO. 2003-CT-02170-SCT

*TOMMY CHRISTOPHER BYNUM a/k/a TOMMY
BYNUM a/k/a TOMMY C. BYNUM*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 08/29/2003 |
| TRIAL JUDGE: | HON. LARRY EUGENE ROBERTS |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES A. WILLIAMS |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFERY A. KLINGFUSS |
| DISTRICT ATTORNEY: | BILBO MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 05/18/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### EN BANC.

### DICKINSON, JUSTICE, FOR THE COURT:

¶1. Although Tommy Bynum's conviction of robbery by a Lauderdale County Circuit Court jury was unanimously affirmed by the Court of Appeals, ***Bynum v. State***, No. 2003-KA-02170-COA, 2005 WL 894796, at *1 (Miss. Ct. App. Apr. 19, 2005), four judges disagreed with the majority over the issue of whether ***Crawford v. Washington***, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), should be applied retroactively. While we find no merit to the issues raised by Bynum in his petition to this Court for writ of certiorari, we

nevertheless grant his petition for review because we regard as important the question of whether the Court of Appeals should have applied ***Crawford*** retroactively.

## BACKGROUND FACTS AND PROCEEDINGS

¶2.     We begin with a brief review of the facts as set forth by the Court of Appeals:

> On October 11, 2002, Tommy Bynum and another individual drove to a grocery store parking lot in Meridian. Cindy Giles was in the parking lot walking toward her vehicle. Tommy Bynum approached her and attempted to take her purse. Bynum and Giles struggled, and Bynum pushed Giles to the ground. As Giles fell to the ground her purse strap broke and Bynum ran away with her purse. Giles chased Bynum across the parking lot, shouting as she ran. This commotion alerted two bystanders: Adalberto Medina and Perry Tubby. Medina was working in an adjacent store, and he saw Bynum running with Giles's purse. Medina saw Bynum get into a car in the parking lot, and Medina wrote down the vehicle's license number. Meanwhile, Tubby, who saw Bynum running with Giles's purse, recognized that a crime was in progress and shouted at Bynum. Tubby testified that he watched Bynum run from Giles, then get into a vehicle with another man and flee the scene. Tubby followed behind the get-away car in his own vehicle, and collected Giles's personal items which Bynum had thrown out of the car window. Tubby returned to the crime scene where he gave Giles the personal items he had recovered. He also gave a description of Bynum to the police.
>
> Four days after the robbery, police responded to a call of suspicious activity at a local gas station. The get-away car used in the Giles robbery was at that location. The vehicle was impounded and Giles's change purse was discovered in the car. The driver was arrested and he implicated a white man in the Giles robbery. Acting on information they developed during their investigation, police conducted a photo line-up for Giles, Medina, and Tubby. Each identified Bynum as the robber, however, none of the witnesses had gotten a good look at the driver of the get-away car. Bynum was indicted for robbery, and tried as a co-defendant with the vehicle driver.

***Bynum***, 2005 WL 894796, at *1.

¶3.    At trial, the driver was acquitted, and Bynum was found guilty. Bynum's appeal to this Court was assigned to the Court of Appeals, which affirmed.

## ANALYSIS

¶4.    Bynum asserts we should consider his appeal in the light of *Crawford*, in which the United States Supreme Court held that out-of-court statements by witnesses that are testimonial are barred, under the Confrontation Clause, unless witnesses are unavailable and defendants had prior opportunity to cross-examine, regardless of whether the court deems such statements reliable. *Crawford*, 541 U.S. at 1365. The Court of Appeals, noting *Crawford* was decided some seven months after Bynum's conviction, opined that this Court "has not spoken on the retroactivity of *Crawford* . . . ." *Bynum*, 2005 WL 894796, at *7. We grant certiorari in this case to correct this statement regarding our prior application of *Crawford*.

¶5.    In *Clark v. State*, 891 So. 2d 136, 138-39 (Miss. 2004), the defendant had no opportunity to cross-examine an alleged accomplice, who refused to testify at trial. Relying on *Crawford*, we held the trial court erred in admitting the accomplice's testimonial statement. *Id.* at 140. However, after considering the overwhelming weight of admissible evidence, we found the Confrontation Clause violation to be harmless error. *Id*. at 142. While we did not specifically proclaim in *Clark* that *Crawford* is to be applied retroactively, we clearly relied on *Crawford* and applied its holding retroactively.

¶6.    Accordingly, because Bynum lacked the opportunity to cross-examine his co-defendant, we find the trial court erred in allowing the police officer to testify concerning the co-defendant's statement.  However, upon careful review of the evidence, we find the erroneous admission of the statement was harmless error.  Harmless errors are those "which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction." *Chapman v. California*, 386 U.S. 18, 22, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967).  We find the impact of the erroneously admitted statement was so insignificant that it could not have contributed in any meaningful way to the guilty verdict. *See Arizona v. Fulminante*, 499 U.S. 279, 296, 111 S. Ct. 1246, 113 L. Ed. 2d 302 (1991) (the impact of the erroneously admitted evidence should be weighed to determine what errors are harmless).  The overwhelming evidence of guilt includes the victim's and two eyewitnesses' identification of Bynum, testimony that Bynum threw the victim's property out of the car window, and the presence of the victim's change purse in the get-away car.  Considering the evidence, we find beyond a reasonable doubt that the trial court's error in admitting the co-defendant's statement was harmless.

## CONCLUSION

¶7.    The Court of Appeals properly affirmed Bynum's conviction.  We grant certiorari in order to clarify – and we now specifically hold – that *Crawford* must be applied retroactively.

¶8.    THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. CONVICTION OF ROBBERY AND SENTENCE OF TWELVE (12) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH CONDITIONS, PAYMENT OF A FINE OF $5,000, PAYMENT OF RESTITUTION IN THE AMOUNT OF $390, AND OTHER FEES AND COSTS, AFFIRMED.

SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON AND GRAVES, JJ., CONCUR. EASLEY, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.