# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CT-01576-SCT

*JOHNNY MCINNIS*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 08/25/2008 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF INDIGENT APPEALS |
| | BY: JUSTIN T. COOK |
| | LESLIE S. LEE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | ANTHONY J. BUCKLEY |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 04/07/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1. This Court granted Johnny McInnis's petition for certiorari, in which he appeals the affirmance of his conviction for burglary of a dwelling. McInnis argues that the trial court committed reversible error in failing to grant a two-theory instruction when the State presented no direct evidence that he committed the crime of burglary. We agree and reverse and remand, as the trial court failed to grant any circumstantial-evidence instruction.

# FACTS

¶2.    On the night of October 8, 2007, eighty-four-year-old Hillary Kissenger awoke to an unfamiliar noise and discovered a black male in her bedroom. She testified that, while she did not have her glasses on, she could discern that the intruder had a light complexion with curly hair and wore a white t-shirt and belt. Kissenger saw the intruder grab her purse and run out of the house. She immediately called the police.

¶3.    At approximately 10:55 p.m., the police received Kissenger's 911 call. Sergeant Shannon Caraway was on patrol two blocks from Kissenger's home on Thirty-second Street when she received a dispatch call to be on the lookout for a black male wearing a white t-shirt. Caraway immediately proceeded toward Kissenger's home and had turned onto Thirty-third Street when she saw a black male wearing a white t-shirt drive past her. Caraway turned around and followed the car as it proceeded to travel at a high rate of speed. At 10:56 and 37 seconds, the car stopped approximately six blocks from the site of the burglary, and Caraway identified the driver as Johnny McInnis. McInnis also had a passenger, Bonnie Woods Armstrong,[1] described as a "black hispanic female."

¶4.    Caraway asked McInnis why he was driving so fast, and Armstrong answered that she needed to use the rest room. Caraway also told McInnis that his description matched that of someone who had just committed a burglary. While Caraway did not tell McInnis where the burglary had occurred, McInnis voluntarily responded that he "was just on Thirty-second Street trying to hustle some Mexicans." Caraway then noticed that there were three purses

---

[1] Armstrong did not testify at trial.

on the front seat between McInnis and Armstrong. Armstrong identified one purse as hers, but she did not know who owned the other purses or where they had come from. Caraway determined that one purse belonged to Kissenger, because it contained several items bearing Kissenger's name. Kissenger's wallet, which contained her driver's license and social security card, also was found in the car. Caraway also discovered two, crumpled Tustmark Bank envelopes approximately eight feet from the driver's side of McInnis's car. Kissenger went to the scene and identified the purse and envelopes as hers.

¶5. McInnis's mother, Ruthie Mae McInnis, testified that, on the night of October 8, 2007, she had received a phone call from a female asking to speak to her son. Mrs. McInnis testified that her son had spoken to the female and then had left the house.

¶6. Johnny McInnis testified that Armstrong had called him around 10:00 p.m. or 10:30 p.m. on October 8, 2007, and had asked him to pick her up at Thirty-second Street. McInnis stated that he picked up Armstrong approximately thirty or thirty-five minutes later in a driveway and helped her put her belongings into his car. McInnis testified that Armstrong had two purses.

¶7. McInnis denied burglarizing Kissenger's home and telling Sergeant Caraway that he had tried to hustle Mexicans for money. He also stated that no Trustmark envelopes had been on the ground near his car at the time of his arrest.

## COURT OF APPEALS DECISION

¶8. The Court of Appeals found that the trial court properly had denied McInnis's two-theory instruction, as the evidence was not purely circumstantial and the instruction was

3

cumulative with the elements instruction.[2]  The Court of Appeals found the following facts

to be *direct* evidence, requiring a denial of McInnis's two-theory instruction:

> In this case, Kissenger testified that the burglar was a black male wearing a
> white T-shirt.  The record indicates that McInnis was in the vicinity during the
> time the burglary occurred.  McInnis was spotted by Officer Caraway leaving
> the area within seconds of the 911 call being placed by Kissenger.  McInnis
> was subsequently chased and detained by the police.  When McInnis was
> detained, Officer Caraway informed McInnis that he fit the description of a
> stocky black male wearing a white T-shirt, who had just committed a burglary
> of a dwelling house.  McInnis told Officer Caraway that he was just on 32
> Street trying to "hustle" some Mexicans.  Officer Caraway testified that she
> did not tell McInnis where in the area the burglary had occurred.  Also, during
> their investigation, the officers found Kissenger's purse on the front seat of the
> car that McInnis was driving.[3]

The Court of Appeals also found that the proffered two-theory instruction was cumulative

with the following instruction (S-1), which the trial court had granted:

> JOHNNY L. MCINNIS, has been charged in Count I with the offense
> of Burglary of a Dwelling House.
>
> If you find from the evidence in this case beyond a reasonable doubt
> that:
>
> 1.  Johnny L. McInnis, on or about the 8 day of October, 2007, in the
> Second Judicial District of Jones County, Mississippi;
>
> 2.  Did break and enter;
>
> 3.  The dwelling house of Hillary D. Kissenger located at 1438 32
> Street, Laurel, Mississippi;
>
> 4.  With the intent to commit the crime of larceny therein;
>
> 5.  Once therein, Johnny L. McInnis, did unlawfully take, steal and
> carry away the personal property of Hillary Kissenger;

---

[2]*McInnis v. State*, 2010 WL 522692, at *5 (Miss. Ct. App. Feb. 16, 2010).

[3]*Id.* at *4.

Then you shall find the defendant, Johnny L. McInnis, guilty in Count 1 of Burglary of a Dwelling House.

If the State has failed to prove any one or more of the above elements beyond a reasonable doubt, then you shall find the defendant, Johnny L. McInnis, not guilty in Count I of Burglary of a Dwelling House.[4]

¶9. Instruction S-1 contains no language that is traditionally included in any circumstantial-evidence instruction. It is a customary elements instruction containing the reasonable-doubt standard.[5] Therefore, we next analyze whether the trial court erred in failing to grant McInnis's two-theory instruction, when no other circumstantial-evidence instruction was granted.

## DISCUSSION

¶10. This court reviews a grant or denial of a jury instruction under an abuse-of-discretion standard.[6] Jury instructions must be read as a whole to determine if they fairly announce the law,[7] and they must be supported by evidence.[8] "[A] court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without

---

[4]*Id.* at *5.

[5]This flawed reasoning is found in another Court of Appeals' decision, *Moses v. State* 30 So. 3d 391, 395 (Miss. Ct. App. 2010). Instructing the jury that it must find the elements of a crime beyond a reasonable doubt does not cure and render harmless the trial court's refusal of a circumstantial-evidence instruction where such an instruction is warranted. *See Stringfellow v. State*; 595 So. 2d 1320, 1322 (Miss. 1992); *Gilleylen v. State*, 255 So. 2d 661, 663 (Miss. 1971); *Kendall v. State*, 217 So. 2d 35, 36 (Miss. 1968).

[6]*Davis v. State*, 18 So. 3d 842, 847 (Miss. 2009).

[7]*Id.*

[8]*Jackson v. State*, 815 So. 2d 1196, 1200 (Miss. 2002).

foundation in the evidence."[9]  Because we find the trial court committed reversible error in failing to grant a two-theory instruction as requested by McInnis, we decline to address the second issue raised on appeal: Whether the trial court erred in granting an accomplice instruction.

¶11.    We begin our discussion by defining "circumstantial evidence."  Circumstantial evidence is "evidence which, without going directly to prove the existence of a fact, gives rise to a logical inference that such fact does exist."[10]  In this case, McInnis submitted a two-theory instruction, which is a specific type of circumstantial-evidence instruction.  A two-theory instruction instructs the jury what to do when the "record supports two or more hypotheses of the crime committed" and all the evidence of the crime is circumstantial.[11]  This court recently has held that a trial court may refuse a two-theory instruction *if* it has granted a (general) circumstantial-evidence instruction.[12]  A circumstantial-evidence instruction provides that the State must prove the defendant guilty beyond a reasonable doubt and *to the exclusion of all reasonable hypotheses consistent with innocence.*[13]  In this case,

---

[9]***Jones v. State***, 797 So. 2d 922, 927 (Miss. 2001).

[10]***Keys v. State***, 478 So. 2d 266, 268 (Miss. 1985).

[11]***Goff v. State***, 14 So. 3d 625, 677-78 (Miss. 2009) (Waller, C.J., dissenting) (The term "'two-theory' is a misnomer.  A better name would be a 'two-interpretation' instruction[.]")

[12]***Id.*** at 625, 662-63 (finding that circumstantial-evidence instruction embodies essentials of a two-theory instruction).

[13]***State v. Rogers***, 847 So. 2d 858, 864 (Miss. 2003).

6

McInnis did not request a circumstantial-evidence instruction, but as previously noted, he did request a two-theory instruction.

¶12. While a two-theory instruction is different from a circumstantial-evidence instruction, "the rules for when they are appropriately given apply to both."[14] But our caselaw has been less than clear as to the application of these "rules."[15] As noted by Justice Robertson in his concurring opinion in *Montgomery v. State*, this Court has "no less than eighteen articulations of the test for determining whether and when the circumstantial evidence burden of proof rule should apply."[16]

¶13. Earlier this year, this Court addressed a similar case, and, speaking for a unanimous court, Justice Kitchens again articulated a rule for cases in which a circumstantial evidence instruction is warranted when requested by the defendant: "While evidence does not always fall neatly into one category, examples of direct evidence include an admission or confession by the defendant to 'a significant element of the offense,' or eyewitness testimony to the 'gravamen of the offense' charged."[17] The term "gravamen" is defined as the "substantial point or essence of a claim, grievance, or complaint."[18] Therefore, if any evidence presented

---

[14]*Id.* at 864.

[15]*Montgomery v. State*, 515 So. 2d 845, 849 (Miss. 1987) (Robertson, J., concurring).

[16]*Id.*

[17]*Kirkwood v. State*, 52 So. 3d 1184, 1187 (Miss. 2011) (quoting *Mack v. State*, 481 So. 2d 793, 795 (Miss. 1985)).

[18]Black's Law Dictionary 562 (7th ed. 2000).

fits the direct-evidence definition from *Kirkwood*, the trial court may properly refuse a circumstantial-evidence instruction.

¶14. The gravamen for the offense of burglary of a dwelling are that: (1) McInnis broke into and entered Kissenger's home and that (2) McInnis had the intent to commit some crime therein.[19] In this case, the State was required to prove either directly or circumstantially that *McInnis* was the man who broke into and entered Kissenger's home with the intent to commit larceny. And in fact, the jury was instructed to that effect. But Kissenger did not testify that she saw *McInnis* commit any act in her home, nor is there any other direct evidence that identifies McInnis as the perpetrator. The gravamen for this offense is tied to a specific defendant. Furthermore, McInnis never confessed or made any admission to a significant element of the crime. While the Court of Appeals identified various testimony as direct evidence that a crime was committed, this was not direct evidence that *McInnis* committed the crime of burglary. Therefore, the trial court abused its discretion by denying a two-theory instruction, because it gave no other circumstantial instruction.

## CONCLUSION

¶15. The trial court abused its discretion in refusing to grant McInnis a two-theory instruction, as the State presented no direct evidence that McInnis committed the crime of burglary. Therefore, we reverse and remand for a new trial consistent with this opinion.

¶16.    **REVERSED AND REMANDED.**

---

[19]Miss. Code Ann. § 97-17-23 (Rev. 2006).

**WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. KING, J., NOT PARTICIPATING.**