FAIR, J.,
for the Court:
¶ 1. Christopher Lewis was convicted of armed robbery by a jury before the Harrison County Circuit Court. He now appeals asserting that the evidence was insufficient to support his conviction, that jury instruction D-5 was erroneously refused, that his motion for a mistrial was improperly denied, and that he was prejudiced by the admission of hearsay testimony from one of the State’s witnesses. Finding that the evidence was sufficient to support Lewis’s conviction and that any error committed by the trial court was harmless, we affirm.
FACTS
¶ 2. Sopek Seng was the part owner and operator of M & S Convenience Store in *817 Gulfport. One afternoon, between 4:00 p.m. and 5:00 p.m., Lewis entered the store with a handgun while Seng was stocking the drink cooler. Lewis pushed her over to the cash register while demanding money. After Seng emptied the first register, Lewis threatened to shoot her baby, who was sleeping in a car seat behind the counter. Seng emptied the second register. Lewis was wearing a large dark jacket, a face mask, a ball cap, white gloves, dark pants, and white tennis shoes. After Seng emptied the second register, he fled from the store.
¶ 3. When police arrived, Seng explained that she knew the man who robbed her; she recognized “Chris” by his voice and lazy eye. Lewis was a regular customer at a different convenience store, First Stop, where Seng worked during the day. Officer Adam Gibbons believed Seng was describing Lewis, with whom he was familiar. An hour later, Officer Gibbons found Lewis half a mile away walking down the street carrying a beer. He arrested Lewis for public drunkenness. Lewis was carrying sixty-three dollars, comprised of twenty-eight one-dollar bills, three five-dollar bills, and one twenty-dollar bill.
¶ 4. At trial, Lewis did not testify but put on several alibi witnesses. The jury convicted Lewis of armed robbery, and he was sentenced to serve nineteen years and eleven months in the custody of the Mississippi Department of Corrections. The circuit court denied Lewis’s motion for a judgment notwithstanding the verdict (JNOV).
DISCUSSION
1. Sufficiency of the Evidence
¶ 5. A motion for a JNOV challenges the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). If the evidence “point[s] in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty the proper remedy for the appellate court is to reverse and render.” Bush v. State, 895 So.2d 836, 843 (Miss.2005) (citation omitted). However, if “reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense, the evidence will be deemed to have been sufficient.” Id. This Court will consider the evidence in the light most consistent with the verdict and give the State the benefit of all inferences favorable to the verdict. McClain v. State, 625 So.2d 774, 778 (Miss.1993) (citations omitted).
¶ 6. Lewis was convicted of armed robbery under section 97-3-79 of the Mississippi Code Annotated (Rev.2006). Robbery by use of a deadly weapon is established if the defendant took the personal property of another from his presence and against his will by violence or by putting him in fear of immediate injury by exhibiting a deadly weapon. Williams v. State, 317 So.2d 425, 427 (Miss.1975). Lewis asserts that the victim’s testimony alone was not enough to find guilt of these elements beyond a reasonable doubt. Lewis challenges the victim’s ability to identify a man wearing a mask and argues that no physical evidence was ever found and that he presented several alibi witnesses.
¶ 7. Contrary to Lewis’s argument, the Mississippi Supreme Court has held that “[identification based on the testimony of a single witness ... can support a conviction, even though denied by the accused.” Passons v. State, 239 Miss. 629, 634, 124 So.2d 847, 848 (1960). “[T]he jury is the judge of the weight and credibility of testimony and is free to accept or reject all or some of the testimony given by each witness.” Meshell v. State, 506 So.2d 989, *818 992 (Miss.1987). Specifically, questions about the credibility of a victim’s identification are to be resolved by the jury. Brown v. State, 724 So.2d 480, 481 (¶ 8) (Miss.Ct.App.1998). Further, the absence of physical evidence does not negate a conviction where there is testimonial evidence. See Williams v. State, 512 So.2d 666, 670 (Miss.1987).
¶ 8. The State played video-surveillance footage that clearly showed a man using a handgun to rob the convenience store. Seng detailed the robbery for the jury and explained that she was able to recognize Lewis because she knew him well. He came into First Stop several times a day and sometimes did odd jobs at the convenience store for her. The mask he wore had large eye holes, so she could see that his skin was light and that he had a lazy eye. She also recognized Lewis’s voice and distinctive speech pattern. Seng stated several times that she was one hundred percent sure that Lewis had robbed her store.
¶ 9. In contrast, Lewis’s cousin and uncle testified to his whereabouts that day. His cousin stated that Lewis had been home with him until about 4:30 p.m. that day. Lewis’s uncle testified that he and Lewis went to get a beer that afternoon shortly before 6:00 p.m. He stated that Lewis acted normal and was not winded or nervous. The jury was entitled to judge the credibility of these witnesses and clearly accepted Seng’s testimony while rejecting that of the defense witnesses. Accepting the State’s evidence as true and viewing that evidence in the light most favorable to the State, we conclude that the evidence was sufficient for a reasonable fair-minded juror to find the essential elements of the crime beyond a reasonable doubt. See Stewart v. State, 986 So.2d 304, 308 (¶ 13) (Miss.2008).
2. Two-Theory Instruction
¶ 10. In reviewing the grant or denial of jury instructions, this Court considers the instructions given as a whole. Morgan v. State, 995 So.2d 812, 816 (¶ 12) (Miss.Ct.App.2008). A trial court may refuse instructions that incorrectly state the law, are covered fairly elsewhere in the instructions, or are without foundation in the evidence. Id. If the given instructions fairly announce the law and create no injustice, there is no reversible error. Id.
¶ 11. Lewis contends that instruction D-5 should have been given because its content was not fairly covered in other instructions, and it correctly states the defendant’s rights. Instruction D-5 reads as follows:
The Court instructs the jury that if there is a fact or circumstance in this case susceptible to two interpretations, one favorable and the other unfavorable to the Defendant, and when the jury has considered said fact or circumstance with all other evidence, and there is a reasonable doubt as to the correct interpretation, then you, the jury, must resolve such doubt in favor of the Defendant, Chris[ jtopher Thomas Lewis, and place upon such fact or circumstance the interpretation most favorable to the Defendant, Christopher Thomas Lewis.
¶ 12. This is “a two-theory instruction, which is a specific type of circumstantial-evidence instruction.” McInnis v. State, 61 So.3d 872, 875 (¶ 11) (Miss.2011). “Circumstantial evidence is evidence which, without going directly to prove the existence of a fact, gives rise to a logical inference that such fact does exist.” Id. A two-theory instruction directs the jury on what to do when “the record supports two or more hypotheses of the crime committed and all the evidence of the crime is circumstantial.” Id. The considerations for giving a circumstantial-evidence *819 instruction or a two-theory instruction are the same. Id. at 876 (¶ 12). If any direct evidence is presented, the trial court may properly refuse a circumstantial-evidence instruction. Id. at (¶ 13). Stated differently, “[a] circumstantial evidence case (for the purposes of granting a “two-theory” instruction) is one in which there is neither an eyewitness nor a confession to the crime.” State v. Rogers, 847 So.2d 858, 863 (¶ 22) (Miss.2003) (citation omitted). Because there was direct evidence presented, this was not a circumstantial-evidence ease, and instruction D-5 was properly refused.
3. Prejudicial Statements in Voir Dire
¶ 13. Lewis argues that damaging statements made by a prospective juror tainted the venire and that the trial judge erred by refusing to grant a mistrial.
¶ 14. The decision to grant a mistrial rests within the sound discretion of the trial court. Evans v. State, 725 So.2d 613, 649 (¶ 114) (Miss.1998) (citations omitted). Rule 3.12 of the Uniform Rules of Circuit and County Court provides that on any party’s motion, a trial court may declare a mistrial for misconduct “resulting in substantial and irreparable prejudice to the movant’s case.” We will only reverse the trial court’s decision for an abuse of discretion. Evans, 725 So.2d at 649 (¶ 114).
¶ 15. During the voir dire, panel members were asked if anyone knew anything about this case. A Mr. Ramey responded that he had spoken with the people at the store about the robbery. In response to the trial court’s question, Ra-mey said that he would not be able to set aside what he knew and would have to rely upon it. Subsequently, he was excused for cause. Ramey revealed no details or facts and expressed no opinion about the defendant’s guilt or innocence. After reading the record, we agree with the trial judge that nothing was said that would unreasonably taint or prejudice the jury. “The trial judge is permitted considerable discretion in determining whether a mistrial is warranted since [he] is best positioned for measuring the prejudicial effect.” Garrett v. State, 956 So.2d 229, 233 (¶ 13) (Miss.Ct.App.2006) (citation omitted). We find no abuse of discretion.
4. Hearsay
¶ 16. Finally, Lewis argues the trial court erred by admitting hearsay to bolster the victim’s testimony, which prejudiced him by diluting his cross-examination of the victim. We review the admission or exclusion of evidence for abuse of discretion and will not reverse unless an error adversely affects the substantial rights of a party. DeHenre v. State, 43 So.3d 407, 414 (¶ 21) (Miss.2010) (citations omitted).
¶ 17. Officer Bradley Barta testified that he was the second officer to arrive at Seng’s store and questioned her about the perpetrator’s appearance after Officer Gibbons had already done so. In response to the State’s question, Officer Barta relayed Seng’s description of the perpetrator. Lewis’s objection was overruled based on the present-sense-impression exception to the hearsay rule.
¶ 18. .Mississippi Rule of Evidence 803(1) defines a present sense impression as “[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition or immediately thereafter.” It is excepted from the hearsay bar because the timing of the statement makes it unlikely that the declarant made a deliberate misrepresentation. Clark v. State, 693 So.2d 927, 932 (Miss.1997). Seng was not describing the event as it occurred or immediately thereafter because Officer *820 Barta was the second officer to question her. Though the trial court erred in relying on the present-sense-impression exception, it was a harmless error. Seng testified before Officer Barta and described the man who had robbed her store, so the jury had already heard this evidence. The jury also viewed surveillance footage allowing them to see what the perpetrator was wearing. The impact of the statement was so insignificant that it could not have contributed to the guilty verdict in any meaningful way. Bynum v. State, 929 So.2d 312, 814 (¶ 6) (Miss.2006).
¶ 19. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY AND SENTENCE AS A HABITUAL OFFENDER OF NINETEEN YEARS AND ELEVEN MONTHS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ„ CONCUR.