JAMES, J.,
for the Court:
¶ 1. Nichols Khan Carson was convicted in the Hinds County Circuit Court of capital murder and possession of a firearm by a convicted felon. On appeal, Carson argues that the trial court erred in refusing his two proposed circumstantial-evidence jury instructions. Finding the evidence did not warrant the giving of a circumstantial-evidence instruction, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Roderick McDonald lived in a trailer in Jackson, Mississippi, along with his girlfriend, Brittany Wroten, and Jennifer Wilder. Timothy Bowie,' a close friend of McDonald’s, lived in a trailer across the street. On the morning of January 9, 2009, Bowie went to McDonald’s trailer for a visit. Wroten and Wilder had left home for work. Bowie noticed a tan Jeep Cherokee parked in front of McDonald’s trailer. Bowie testified that a young woman was sitting in the driver’s seat of the jeep. As Bowie opened the door to McDonald’s trailer, he saw Carson pointing a gun at McDonald. According to Bowie, McDonald hád tears in his eyes. Startled, Carson turned around and pointed the gun at Bowie and told him to “get the ‘F’ back.” Bowie left McDonald’s trailer and ran across the street to his own trailer. Bowie testified that before he could open his front door, he heard a gunshot. Bowie stated that after he went into his home, he looked out the window and saw Carson running out of McDonald’s trailer. According to Bowie, Carson attempted to unlock the door of McDonald’s vehicle, a white Honda Accord, with a set of keys, but was unsuccessful. Bowie testified that he saw Carson run back into McDonald’s trailer, and that he heard three of four more gunshots immediately after. Bowie stated that after he heard the gunshots, he saw Carson run back out of McDonald’s trailer. This time, according to Bowie, Carson was able to open the car door.[1] Bowie stated that Carson drove away in McDonald’s vehicle, and was followed by the young woman driving the Jeep .Cherokee. After Carson left the scene, Bowie ran to McDonald’s trailer. Bowie testified that he found McDonald inside lying on his stomach in a pool, of blood. Seconds after he was found by Bowie, McDonald died from multiple gunshot wounds.
¶ 3. On September 1, 2009, Carson was indicted for capital murder and possession of a firearm by a convicted felon. A jury trial was held on March 6-9, 2012. Carson was found guilty on both counts. For the capital-murder charge, Carson was sentenced to serve life without the possibility of parole in the custody of the Mississippi Department of Corrections. For the charge of possession of a firearm by a convicted felon, Carson was sentenced to serve ten years. Both sentences were ordered to run consecutively. Carson was sentenced as a habitual offender. On March 19, 2012, Carson filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. The motion was denied. Carson now appeals his conviction, arguing the trial court erred in refusing his two proposed circumstantial-evidence jury instructions, D-9 and D-10.
DISCUSSION
¶ 4.We review a trial court’s giving or refusal of jury instructions under an abuse-of-discretion standard. McInnis v. State, 61 So.3d 872, 875 (¶ 10) (Miss.2011). Jury instructions are to be read and taken *106 together as a whole. Id. So long as “the instructions fairly announce the law of the case and create no injustice, no reversible error will be found.” Maye v. State, 49 So.3d 1124, 1129 (¶ 7) (Miss.2010) (quoting Rubenstein v. State, 941 So.2d 735, 784-85 (¶ 224) (Miss.2006)). Though a defendant has the right to jury instructions that present his theory of the case, an instruction may be refused if it “incorrectly states the law, is covered fairly elsewhere in the instructions!;,] or is without foundation in the evidence.” Davis v. State, 18 So.3d 842, 847 (¶ 15) (Miss.2009) (quoting Phillipson v. State, 943 So.2d 670, 671 (¶ 5) (Miss.2006)).
¶ 5. Carson claims the State failed to put on direct evidence that he shot McDonald. He argues that because Bowie did not actually see the shooting, the State’s case was purely circumstantial, and therefore his proposed circumstantial evidence jury instructions should have been given. Carson is wrong in this regard. “A circumstantial-evidence case is one where the State is ‘without a confession and wholly without eyewitnesses to the gravamen of the offense charged[.]’” Garrett v. State, 921 So.2d 288, 291 (¶ 17) (Miss.2006) (quoting Kniep v. State, 525 So.2d 385, 392 (Miss.1988)). “The term ‘gravamen’ is defined as the ‘substantial point or essence of a claim, grievance, or complaint.’ ” McInnis v. State, 61 So.3d at 876 (¶ 13). Carson was indicted for capital murder, for killing McDonald while engaged in the commission of a robbery. Miss.Code Ann. § 97-3-19(2)(e) (Rev. 2006). In this case, robbery is an essential element of capital murder. The State produced direct evidence that Carson , robbed McDonald at gunpoint. Bowie testified that he saw Carson pointing a gun at McDonald moments before McDonald was killed. Bowie also stated that, after the shooting, he saw Carson with McDonald’s ears keys, and that Carson drove away in McDonald’s vehicle.
¶ 6. The fact that Bowie did not actually see Carson shoot McDonald does not compel the' giving of a circumstantial-evidence instruction regarding the crime of capital murder because the State produced direct evidence of the armed robbery. A “defendant is not entitled to a circumstantial evidence instruction where both circumstantial and direct evidence” exist. Garrett, 921 So.2d at 292 (¶ 17) (emphasis added). In fact, “any direct evidence eliminates the need for a circumstantial evidence instruction.” Starks v. State, 798 So.2d 562, 566 (¶ 13) (Miss.Ct.App.2001) (citing Sullivan v. State, 749 So.2d 983, 992 (¶ 21) (Miss.1999)). Carson’s proposed circumstantial-evidence jury instructions were without foundation in the evidence. Thus, we find no error in the trial court’s refusal of the instructions. This issue is without merit.
¶ 7. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF CAPITAL MURDER AND SENTENCE OF LIFE, AND CONVICTION OF POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCE OF TEN YEARS, ALL AS A HABITUAL OFFENDER, WITH THE SENTENCES TO RUN CONSECUTIVELY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, CARLTON AND FAIR, JJ., CONCUR. IRVING, P.J., AND MAXWELL, J„ CONCUR IN PART AND IN THE RESULT WITHOUT *107 SEPARATE WRITTEN OPINION. BARNES, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.

. Bowie testified that McDonald had two sets of keys to his vehicle, but only one set could unlock the driver’s side door.